## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RENATO PONTA-GARCIA,                 :      CIVIL ACTION NO. 3:CV-11-1126
                                     :
    Petitioner,                    :      (Judge Conaboy)
                                     :
    v.                             :      (Magistrate Judge Blewitt)
                                     :
MARY SABOL,                          :
                                     :
    Respondent.                    :

## REPORT AND RECOMMENDATION

### I. Procedural History.

On June 13, 2011, Petitioner, Renato Ponta-Garcia, a detainee of Immigration and Customs Enforcement Agency ("ICE") at the York County Prison, York County, Pennsylvania ("YCP"), filed, *pro se*, a 10-page typed Habeas Corpus Petition pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner attached exhibits to his habeas petition, Exs. A-C.[1] Petitioner paid the filing fee.[2]

Petitioner states that he has been under a final order of removal since the BIA rendered its decision on October 28, 2010. Petitioner also states that ICE conducted a custody review of him pursuant to 8 C.F.R. §241.4, and determined that he was a threat to society based, in large part, on his 1990 convictions. (Doc. 1, p. 2). Further, Plaintiff claims that he has been illegally held in detention by ICE, without bond, now at YCP, since April 2007, after his release from prison. (*Id.*, p. 3). Petitioner additionally states that "he continues to languish in detention now

---

[1]Petitioner Ponta-Garcia filed two (2) previous § 2241 habeas petitions with this Court. *See Ponta-Garcia v. Mukasey,* Civil No. 3:CV-08-0129, M.D. Pa., and *Ponta-Garcia v. Lowe*, Civil No. 3:CV-10-1930, M.D. Pa. Petitioner's 08-0129 case was closed on March 27, 2009. Petitioner's 10-1930 case was closed on February 28, 2011. Petitioner then appealed the dismissal of his 10-1930 second habeas case to the Third Circuit on March 28, 2011, and his appeal is still pending. C.A. No. 11-1807.

[2]Petitioner was formerly confined at Pike County Correctional Facility ("PCCF").

for over 4 years because of ICE's inability to conduct a lawful and unbiased custody review."
(Id.).[3]

On June 15, 2011, the Court issued a Show Cause Order to Respondent. (Doc. 3). Named as sole Respondent is Mary Sabol, Warden at YCP. (Doc. 1, p. 1).

On July 5, 2011, Respondent filed her Response to the Petition, with attached exhibits. (Doc. 8). Petitioner was granted an extension of time to file his Traverse to the Respondent's Response. (See Docs. 9 and 10). Petitioner filed his Traverse with an attached Exhibit (Ex. A) on July 25, 2011. (Doc. 11).

The habeas Petition is ripe for disposition.

## II. Factual Background.[4]

Petitioner is a native and citizen of Portugal. (Doc. 1, p. 3). Petitioner states that he first entered the United States in 1978, at the age of nine, as a lawful permanent resident. Petitioner and his family left the United States for Bermuda, relinquishing their lawful permanent resident status. In 1983, at the age of fourteen, Petitioner returned, with his family, to the United States as a visitor, and he overstayed his visa. Removal proceedings were initiated against Petitioner and his family in 1985. The Immigration Judge ordered Petitioner and his family removed, but granted them voluntary departure. They failed to depart; thus, by operation of law, their 1987 voluntary departure order converted into a removal order.

---

[3]As Respondent correctly points out, this Court has previously found that ICE took Petitioner into custody on June 13, 2007, after he completed his 42-month federal sentence. See Civil No. 10-1930, slip op. at 3 (M.D. Pa. 2-28-11).

[4]Since we detailed Petitioner's factual background in our January 3, 2011 R&R filed in Petitioner's 10-1930 habeas case, and it was detailed in the Court's February 28, 2011 Memorandum, slip op. at 2-5 (Civil No. 10-1930,M.D. Pa.), we largely repeat it herein. Also, as Respondent points out, Petitioner's factual background can be found in the Third Circuit's decision in Ponta-Garcia v. Attorney General of U.S., 557 F.3d 158, 159-160 (3d Cir. 2009).
Further, Petitioner's factual background is stated in the Third Circuit's recent opinion filed July 22, 2011 denying Petitioner's Petition for Review regarding his final removal order, C.A. No. 10-4383.

Following a November 1990 Rhode Island state conviction and a December 1996 Rhode Island state drug conviction, on April 19, 2005, Petitioner was convicted in federal court in Rhode Island and sentenced to 42 months in prison.

On April 2, 2007, ICE issued a Notice of Intent/Decision to Reinstate Prior Order, which stated that Petitioner had voluntarily departed the United States on April 23, 1992, and that he illegally reentered the United States on April 27, 1992. Also, because Petitioner was already subject to a Deportation Order dated March 17, 1987[5], he was considered as removable under § 241(a)(5) of the INA.

On May 21, 2007, Petitioner filed a Petition for Review with the Third Circuit Court of Appeals with respect to his Order of Removal. On June 13, 2007, ICE took Petitioner into custody and Petitioner has been continuously detained by ICE to the present time. On July 9, 2007, Petitioner filed a Motion for a Stay of Removal with the Third Circuit, and on July 17, 2007, the Third Circuit granted Petitioner's Stay Motion.

On October 1, 2008, we issued a Report and Recommendation ("R&R") in Petitioner's first habeas case #08-0129, and we recommended that Petitioner's habeas petition, to the extent that it challenged his continued detention as unconstitutional (*i.e. Zadvydas* claim, Claim I), be dismissed as premature. We also recommended that Petitioner's due process claims (Claims II-V) be denied. Further, we recommended that ICE be directed to schedule Petitioner's next post removal order custody review within thirty (30) days, and that Petitioner and his attorney be given advance notice of it. While our R&R in Petitioner's case #08-0129 was pending, on February 20, 2009, the Third Circuit issued an Order with respect to Petitioner's Petition for Review, and it vacated ICE's reinstatement of Petitioner's prior removal order and remanded Petitioner's case to ICE for further proceedings. (*See* 557 F. 3d 158 at 164-165).

Subsequently, on March 2, 2009, ICE issued a new Notice to Appear. Petitioner was

---

[5]As stated above, Petitioner's March 1987 grant of voluntary departure from the United States was converted to a removal order in August 1987 since he did not timely leave the United States.

charged as being removable under INA Section 212 (a)(2)(A)(i)(I) and (II), namely, that Petitioner was convicted of a crime involving moral turpitude and convicted of a crime involving a controlled substance. (Doc. 1, Ex. B). Also, on March 2, 2009, ICE reviewed Petitioner's custody for a third time and found that until an immigration judge decided whether Petitioner would be ordered removed, he would remain in custody of the DHS.

On March 27, 2009, the Court did not adopt our October 1, 2008 R&R issued in Petitioner's 08-0129 case since it found the issues raised were rendered moot by subsequent events, namely the events as described above.

As stated, on March 2, 2009, removal proceedings were initiated against Petitioner. On October 23, 2009, ICE filed Additional Charges of Inadmissibility against Petitioner. (Doc. 1, Ex. B).

On May 13, 2010, an Immigration Judge ("IJ") ordered that Petitioner be removed from the United States to Portugal. Petitioner appealed the IJ's May 13, 2010 decision to the BIA.

At the time his appeal of the IJ's May 13, 2010 decision was pending with the BIA, Petitioner filed his second §2241 habeas petition on September 15, 2010, Civil No. 10-1930, M.D. Pa. In his second habeas petition, Petitioner challenged his continued detention by ICE at PCCF since June 2007 pending his final removal order pursuant to 8 U.S.C. §1226(c).

On October 28, 2010, the BIA issued an Order dismissing Petitioner's appeal of the IJ's May 13, 2010 decision and issued a final removal order. Petitioner then filed a Petition for Review with the Third Circuit regarding the BIA's October 28, 2010 decision and, he filed a Motion for Stay of Removal. Petitioner's Motion for Stay of Removal while his appeal was pending was granted by the Third Circuit 33 days later, on November 30, 2010. Petitioner's Petition for Review was recently denied by the Third Circuit on July 22, 2011. *See Ponta-Garcia v. Attorney General of U.S.*, C.A. No. 10-4383 (3d Cir.). The Third Circuit issued its Mandate *via* a certified Judgment on September 12, 2011. We do not find in either the July 22, 2011 Opinion or the docket sheet in C.A. No. 10-4383 that Petitioner's stay of removal ordered by

the Third Circuit was specifically lifted by the Court.[6]  However, since the stay of removal was issued pending Petitioner's Petition for Review in C.A. No. 10-4383, we deem the stay to have been lifted along with the denial of the Petition.

As indicated above, on January 3, 2011, we issued an R&R in Petitioner's 10-1930 habeas case and recommended that Petitioner Ponta-Garcia's Habeas Petition be dismissed. Specifically, we found that Petitioner Ponta-Garcia's 90-day removal period had not yet expired, and as such, his habeas petition was subject to dismissal.

On February 9, 2011, ICE conducted a fourth custody review of Petitioner and issued a Decision to Continue Detention.  (Doc. 8, Ex. A, pp. 6-7).[7]  In his February 9, 2011 Decision to Continue Detention, Thomas Decker, Field Office Director of ICE, stated as follows:

> Though you have submitted evidence, such as letters of support, employment prospects or place of residence, for this review, your criminal history, which includes arrests and convictions, dating back to 1990 demonstrate that you would pose a threat to society.  Additionally, you have expressed, in writing, your desire to not return to your native country of Portugal.  ICE could not be certain that you would appear as required should your petition in the Third Circuit Court be dismissed.  ICE has received confirmation from the Portugal Consulate that a travel document will be issued for your removal from the United States should your current Stay of Removal be lifted.
>
> Based on the above, you are to remain in ICE custody pending your removal from the United States.

(Doc. 8, Ex. A, p. 6).

> Decker further stated:
>
> A stay of removal has been granted in your case.  If your stay has not been lifted within one year, you will be scheduled for a Post-Order Custody Review (POCR) and served with a Notice to Alien of File Custody Review.  **If your stay is lifted within one year, a new 90-day removal period will begin on the date that**

---

[6]Petitioner's appeal case with the Third Circuit is docketed to number 10-4383.  A copy of the Petitioner's Third Circuit case docket sheet was obtained by the undersigned at http://ecf.ca3.uscourts.gov.  We attach a copy of Petitioner's C.A. No. 10-4383 Third Circuit docket sheet to this Report and Recommendation.

[7]As Respondent notes, the February 9, 2011 Decision to Continue Detention had an erroneous date of "2-9-10" on it.  Doc. 8, p. 5, n. 3.  The Proof of Service attached to the Decision to Continue Detention clearly indicated that it was served on Petitioner on February 11, 2011.  Doc. 8, Ex. A, pp. 6-7.

**the stay is lifted.** If you are not removed within that 90-day removal period a Post-Order Custody review will be conducted at the completion of the new removal period.

(*Id.*)(Emphasis added).

As mentioned, on February 28, 2011, the Court issued a Memorandum and Order and adopted our R&R in Petitioner's 10-1930 habeas case. Petitioner then filed an appeal of the Court's Order dismissing his 10-1930 second habeas case to the Third Circuit and his appeal is still pending. *See* C.A. No. 11-1807.[8] Moreover, on August 31, 2011, Petitioner filed an Emergency Motion to Stay his Removal in C.A. No. 11-1807. To date, the Third Circuit has not ruled on this Motion.

Thus, Petitioner currently has one appeal pending with the Third Circuit, namely, C.A. No. 11-1807, regarding the dismissal of his second habeas case, Civil No. 10-1930, M.D. Pa. Also, Petitioner has a Motion to Stay his Removal pending with the Third Circuit in C.A. No. 11-1807. Further, as stated, it appears that the stay of removal granted by the Third Circuit in C.A. No. 10-4383 has been lifted. The record in C.A. No. 10-4383 indicates that, on September 12, 2011, the Third Circuit issued its Mandate with respect to its July 22, 2011 Opinion denying Petitioner's Petition for Review of his final removal order. Regardless of whether Petitioner's stay was lifted on July 22, 2011, when the Third Circuit issued its Opinion denying his Petition for Review, or on September 12, 2011, when the Court issued its Mandate, Petitioner is still within the 90-day removal period.

---

[8]Respondent noted that Petitioner's appeal brief in C.A. No. 11-1807 was due August 2, 2011. (Doc. 8, p. 1, n. 1). In her Response, Respondent also indicated that the briefing in Petitioner's Petition for Review, C.A. No. 10-4383 (3d Cir.), was complete and that the Third Circuit's stay remained in place. (*Id.*, p. 6). However, as stated above, the Third Circuit denied Petitioner's Petition for Review by Mandate issued September 12, 2011. Also, as stated, we find that the Third Circuit lifted Petitioner's stay of removal when it denied his Petition for Review.

The undersigned obtained a copy of Petitioner's Third Circuit docket sheet in his appeal case, C.A. No. 11-1807, at http://ecf.ca3.uscourts.gov. The docket sheet in C.A. No. 11-1807 reveals that Appellees' brief is due November 7, 2011. We attach a copy of the C.A. 11-1807 docket sheet to this R&R.

### III. Discussion.

Initially, we find that Petitioner has named the correct Respondent, namely, Warden Sabol.  In a habeas petition, the writ "[s]hall ... name the person who has custody over him."  28 U.S.C. § 2242.   Additionally, "[t]he writ ... shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.[9]

We also find that this Court has jurisdiction over Petitioner's habeas petition and his claims challenging his prolonged detention by ICE at YCP as illegal and unconstitutional.  *See Leslie v. Attorney General of U.S.*, 363 Fed. Appx. 955, 957, n. 1 (3d Cir. 2010)(Per Curiam)(citation omitted).

We find that Petitioner's Order of Removal became administratively final on October 28, 2010, when the BIA dismissed Petitioner's appeal of the IJ's May 13, 2010 decision.  Petitioner then filed a timely Petition for Review with the Third Circuit Court of Appeals appealing the BIA's October 28, 2010 decision, C.A. No. 10-4383.  As mentioned, Petitioner filed a motion with the Third Circuit to stay his removal while his Petition for Review was pending, and the Third Circuit granted this motion 33 days later on November 30, 2010.  The Third Circuit denied Petitioner's Petition for Review appealing his final removal order by its September 12, 2011 Mandate.  We also find that the Third Circuit lifted its stay of removal issued in C.A. No. 10-4383. Thus, since the Third Circuit denied Petitioner's Petition for Review and lifted the stay of removal in C.A. No. 10-4383, Petitioner's removal period began anew on September 12, 2011.  *See Taylor v. Attorney General of U.S.*, 241 Fed.Appx. 6, 9 (3d Cir. 2007) (removal period begins when Third Circuit decides petition for review and lifts stay).  Thus, whether the stay remains in effect or whether it was lifted, Petitioner's 90-day removal period has clearly not expired.  Thus, any challenge by Petitioner to his post-order detention by ICE at YCP is premature.  *Id.*

We again agree with Respondent that since an administratively final removal order has been entered in Petitioner's case, his detention is now governed by 8 U.S.C. §1231(a). (Doc. 8,

---

[9] *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

p. 8). *See Ayodele v. Holder*, 2011 WL 3423772, *2 (M.D. Pa. 8-4-11)("The detention, release, and removal of aliens subject to a final order of removal is governed by the provisions of 8 U.S.C. §1231.").

We also agree with Respondent that the instant habeas petition should again be dismissed. Respondent contends that because Petitioner's stay of removal granted by the Third Circuit was in effect when Petitioner filed his instant habeas petition, "Ponta-Garcia's detention is authorized, mandatory, and presumptively constitutional because he is still within his removal period." (*Id.*, p. 7). However, as stated, the Third Circuit denied Petitioner's Petition for Review on July 22, 2011, and issued its Mandate on September 12, 2011. We find that the stay imposed by the Third Circuit pending the appeal was lifted. Thus, regardless of whether Petitioner's 90-day removal period began on July 22, 2011 or on September 12, 2011, Petitioner is still within that period. Therefore, despite the recent denial of his Petition for Review, Petitioner is still clearly within the 90-day removal period in which he shall be detained without any bond hearing. *See Crisostomos v. DHS*, Civil No. 10-0789, M.D. Pa.

In *Akinsehinwa v. Donate*, 2008 WL 2951072, *3 (M.D. Pa.), the Court stated:

> Detention, release, and removal of aliens ordered removed is governed by § 241 of the Act, 8 U.S.C. § 1231, as amended. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.
> The removal period under section 1231 begins on the latest of (1) the date the order of removal becomes administratively final; (2) **if the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the court's final order**; and (3) if the alien is confined (except under an immigration process), the date the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B)

(Emphasis added). *See also Hossain v. Sabol*, 2010 WL 378515 (M.D. Pa.); *Crisostomos v. DHS*, Civil No. 10-0789, M.D. Pa.; *Rodney v. Lowe*, 2010 WL 1779895, *3 (M.D. Pa. 4-30-10)("Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory."); *Ayodele v. Holder*, 2011 WL 3423772, *2.

In this case, we agree with Respondent that Petitioner is now subject to an administratively final removal order, *i.e.* the October 28, 2010 BIA Order, and the final removal order was recently affirmed by the Third Circuit when it denied Petitioner's Petition for Review.[10]  In *Leslie v. Attorney General of U.S.,* 2010 WL 381609, *2, affirmed 363 Fed. Appx. 955 (3d Cir. 2-4-10)(Per Curiam), the Court cited to 8 C.F.R. §1241.1(a) and indicated that "[a]n order of removal made by the immigration judge at the conclusion of proceedings ... shall become final... [u]pon dismissal of an appeal by the [BIA]".  *See also Hossain v. Sabol,* 2010 WL 378515, *3 (M.D. Pa.)('[Petitioner's] removal period began on ..., the date the BIA denied his appeal.").  Petitioner's 90-day removal period initially started on October 28, 2010, when the BIA issued its decision and Petitioner's removal order became final.  Thirty-three (33) days later, the Third Circuit issued a stay of Petitioner's removal pending his appeal of his final removal order on November 30, 2010.  The Third Circuit ruled on Petitioner's appeal on July 22, 2011, and it issued a Mandate on September 12, 2011, denying Petitioner's Petition for Review.  As Respondent correctly states, "at [the time of the stay], Ponta-Garcia's removal period was also stayed, and he remained within his removal period." (Doc. 8, p. 10).  The record now reveals that Petitioner's 90-day removal period began anew on September 12, 2011, *i.e.*, when Petitioner's Petition for Review was denied and the stay was lifted, and he is still within this period.  Thus, we agree with Respondent that Petitioner's current detention at YCP is still mandatory under §1231(a)(2), and that Petitioner's present challenge to his continued detention at YCP is premature.  (*Id.*).

Since the Third Circuit issued a stay of Petitioner's removal pending its decision on November 30, 2010, ICE could not remove Petitioner from the United States to Portugal until September 12, 2011.  Thus, the latest date which would trigger the 90-day removal period is the date of the Third Circuit's final order in deciding Petitioner's pending Petition for Review, C.A. No. 10-4383, *i.e.* September 12, 2011.  Therefore, we again find that Petitioner's 90-day removal period under §1231 has not yet expired.  *See Leslie v. Attorney General of U.S.,* 2010

---

[10]*See* attached Third Circuit docket sheet, C.A. No. 10-4383.

WL 381609, *2 (M.D. Pa.).

In *Leslie v. Attorney General of U.S.*, 363 Fed. Appx. 955, 958 (3d Cir. 2010), the Third Circuit stated:

> The removal period under section 1231 begins on the latest of (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the court's final order; and (3) if the alien is confined (except under an immigration process), the date the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B). Leslie filed a petition for review and a motions panel of this Court granted him a stay of removal on August 14, 2008. *Leslie v. Att'y Gen.,* C.A. No. 08-3180. Leslie's case is currently pending before this Court. Inasmuch as the "period reasonably necessary to secure removal" has not yet begun under § 1231(a)(1)(B), Leslie's argument that his continued detention violates the Constitution is premature. *Zadvydas,* 533 U.S. at 689, 121 S.Ct. 2491. Therefore, the District Court, did not err in dismissing the petition for habeas corpus.

In *Rodney v. Lowe*, 2010 WL 1779895, *3-*4, the Court stated:

> Because Rodney's removal has been stayed by the Court of Appeals for the Third Circuit while the Court reviews his challenge to removal, petitioner is not entitled to relief from this Court. Pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii) his removal period has yet to commence. *See Vasquez v. ICE,* 160 Fed. Appx. 199, 201 (3d Cir.2005) (per curiam) (nonprecedential) (finding that when a stay of removal is pending, the removal period has not yet begun); *see also Casas-Castrillon v. Department of Homeland Security,* 535 F.3d 942 (9th Cir.2008) (holding that when a circuit court has granted a stay of removal, "the removal period under § 1231(a) does not begin until [the circuit court] denies the petition and removes the stay of removal."). As section 1231(a)(1)(B)(ii) provides that the removal period begins to run from the date of the court's final order, if the removal order "is judicially reviewed and the court orders a stay of the removal of the alien," petitioner's removal period will commence when the Court of Appeals for the Third Circuit decides his petition for review (and assuming it is denied). Accordingly, Petitioner's challenge to his detention under *Zadvydas*FN3 is premature.
>
>> FN3. In *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the United States Supreme Court addressed the issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id* . at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 2503. In this case as stated above, the removal period has not

yet commenced to run because there is no final order of removal in light of the stay issued by the Court of Appeals for the Third Circuit.

Nor can Rodney mount a due-process challenge to his continued detention pending a decision from the Court of Appeals for the Third Circuit. In *Oyedeji v. Ashcroft*, 332 F.Supp.2d 747 (M.D.Pa.2004) (Vanaskie, J.), the court recognized such a claim, reasoning that the "price for securing a stay of removal should not be contin[ued] incarceration," and ruling that the Due Process Clause of the Fifth Amendment requires that a criminal alien be afforded an opportunity to be heard in circumstances like Rodney's. *Id.* at 753-754. However, such a claim would fail here as the record reveals that ICE's June 17, 2009, decision afforded him an individualized determination on his request for release pending the execution of his final order of removal. As noted, ICE determined that Rodney was a threat to society and that ICE was currently in the possession of a valid travel document to effect his removal should his stay be lifted. Based on these facts, the court is satisfied that petitioner was provided with due process. Therefore, his detention is constitutionally permissible. Accordingly, the petition for writ of habeas corpus will be denied.

At the conclusion of the 90-day removal period, Petitioner Ponta-Garcia may be held in continued detention, or he may be released under supervision. 8 U.S.C. §§ 1231(a)(3) and (6).

Moreover, we again find that the *Zadvydas* case is not yet applicable to Petitioner since his 90-day removal period has not yet ended. *See Rodney, supra; Ayodele v. Holder*, 2011 WL 3423772, *2("At the conclusion of the ninety-day [removal] period, if the alien has not been removed and still remains in the United States, his post-removal period detention may be continued only as long as 'reasonably necessary' to effectuate his removal from the United States. *Zadvydas*, 533 U.S. at 689."). *Dennis v. BICE*, 426 F.Supp.2d 252 (M.D. Pa. 2006). Since the Third Circuit, on November 30, 2010, issued a stay of removal in Petitioner's pending appeal of the BIA's Order, C.A. No. 10-4383, Respondent was correct that Petitioner's removal period did not yet expire under §1231(a)(1)(B). *See Leslie v. Attorney General of U.S.*, 363 Fed. Appx. at 958. Further, since the Third Circuit only recently denied Petitioner's Petition for Review *via* its Mandate dated September 12, 2011, Petitioner's claim that his continued detention by ICE violates his constitutional rights is premature since he is still within the 90-day removal period. Thus, Petitioner's claim that his continued detention by ICE at YCP violates his constitutional rights is premature. *Id.* Further, "[b]ecause §1231(a)(2) mandates detention during the removal period, [Petitioner's] detention is statutorily authorized." *Ayodele v. Holder*,

-11-

2011 WL 3423772, *3.

In *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the United States Supreme Court addressed the issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id.* at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 2503. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." *Id.* at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.* The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

As in *Leslie* and *Rodney,* any claim of Petitioner Ponta-Garcia under *Zadvydas* is premature since his 90-day removal period has not expired. Thus, "there is no need for the court to examine whether Petitioner has established 'that there is no significant likelihood of [his] removal in the reasonably foreseeable future." *Ayodele v. Holder,* 2011 WL 3423772, *3 citing *Zadvydas v. Davis,* 533 U.S. at 701. *See also Palmer v. Sabol,* 2011 WL 2976365, *5 & *7 (M.D. Pa. 7-21-11)(Court held that since the 90-day removal period during which ICE must remove Petitioner was stayed while the Third Circuit's stay of removal remained in place, Petitioner's challenge to his continued detention under *Zadvydas* was premature).

Following the Supreme Court's decision in *Zadvydas,* regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the

expiration of the 90-day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i).  When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii).  As stated, Petitioner recently had a custody review, his fourth, on February 9, 2011.  (Doc. 8, Ex. A, p. 6).

In his Traverse, Petitioner argues that his February 9, 2011 custody review was not a meaningful review required by 8 C.F.R. §241.4(i) and that it violated his due process rights. Petitioner also states that the reviewing officers did not provide him a personal interview. Petitioner contends that "[b]y not providing Petitioner with this crucial opportunity to pleaded his case, the DHS did not provide due process."  (Doc. 11, p. 2).  Petitioner further states that the February 9, 2011 decision to continue his detention is in part due to his pending Petitioner for Review with the Third Circuit and that this "should not justify [his] prolonged and indefinite detention."  (*Id.*, p. 6).  Despite his arguments, and despite the Third Circuit's recent denial of his Petition for Review, Petitioner Ponta-Garcia's 90-day removal period has still not yet expired, and his detention is mandated by §1231(a)(2).  As such, Petitioner's habeas petition is subject to dismissal.  *See Leslie v. Attorney General of U.S.*, 363 Fed. Appx. at 958; *Ayodele v. Holder*, 2011 WL 3423772, *3; *Ramos-Lara v. Decker*, 2011 WL 2981184, *5 (M.D. Pa. 6-7-11) adopted by 2011 WL 2981319 (M.D. Pa. 7-21-11)(Court held that since Petitioner's 90-day removal period did not yet expire, his detention without a bond hearing was presumptively constitutional).[11]

---

[11]As Mr. Decker indicated in his February 9, 2011 Decision to Continue Petitioner's Detention, Petitioner's new 90-day removal period will begin when the Third Circuit lifts the stay.  Mr. Decker also indicated that once a new 90-day removal period begins, if Petitioner is not removed in 90 days, a Post-Order Custody Review will be conducted at the end of the new removal period. (Doc. 8, Ex. A, p. 6).  Also, as indicated above, Petitioner's Motion to Stay his Removal is pending with the Third Circuit in C.A. No. 11-1807.

We further note that there does not appear to be any hurdle to Petitioner's removal in the reasonably foreseeable future based on Decker's February 9, 2011 Decision in which he indicates that ICE received confirmation from the Portugal Consulate that a travel document for

## IV. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Ponta-Garcia's Habeas Petition **(Doc. 1)** be dismissed.

THOMAS M. BLEWITT
**United States Magistrate Judge**

**Dated: October  7 , 2011**

_____

Petitioner will be issued when the stay of removal is lifted.  (Doc. 8, Ex. A, p. 6).

**General Docket**
**Third Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 10-4383 | **Docketed:** 11/18/2010 |
| Renato Ponta-Garcia v. Atty Gen USA | **Termed:** 07/22/2011 |
| **Appeal From:** Board of Immigration | |
| **Fee Status:** Paid | |

**Case Type Information:**
   1) agency
   2) petition review
   3) Immigration

**Originating Court Information:**
   **District:** BIA-1 : A035-248-950
   **Date Filed:**

**Prior Cases:**
  None

**Current Cases:**
  None

---

RENATO MANUEL DACOSTA PONTA-GARCIA (#105264)
       Petitioner

Mary E. Delli-Pizzi, Esq.
Direct: 631-539-8047
Email: bethdellipizzi@aol.com
Fax: 631-539-8047
[COR NTC Retained]
Suite 312
26 Railroad Avenue
Babylon Village, NY 11742

v.

ATTY GEN USA
       Respondent

Eric H. Holder, Jr., Esq.
[Federal government]
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Thomas W. Hussey, Esq.
Email: third.circuit.oil@usdoj.gov
[Federal government]
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Andrew J. Oliveira, Esq.
Direct: 202-305-8570
Email: Andrew.Oliveira@usdoj.gov
Fax: 202-616-4950
[COR Federal government]
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Ann M. Welhaf, Esq., Attorney

Direct: 202-532-4090
Email: ann.welhaf@usdoj.gov
Fax: 202-616-9366
[COR NTC Federal government]
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

RENATO MANUEL  DA COSTA  PONTA-GARCIA,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

| Date | | Entry |
|------|------|-------|
| 11/18/2010 | 0 pg, 0 KB | AGENCY CASE DOCKETED. Petition filed by Renato Manuel Da Cost Ponta-Garcia. Service made on 11/18/2010. USCA Receipt No. 8386. Receipt date 11/18/2010. (DW) |
| 11/18/2010 | 1 pg, 16.33 KB | ORDER (Clerk) directing the Executive Office of Immigration Review to file the adminstrative record. (DW) |
| 11/18/2010 | 0 pg, 0 KB | ENTRY OF APPEARANCE filed by Attorney Mary E. Delli-Pizzi, Esq. for Petitioner Renato Manuel Da Cost Ponta-Garcia. (DW) |
| 11/18/2010 | 0 pg, 0 KB | AGENCY DOCKETING STATEMENT on behalf of Petitioner Renato Manuel Da Cost Ponta-Garcia, received. (DW) |
| 11/24/2010 | 0 pg, 0 KB | ECF FILER: Motion filed by Petitioner Renato Manuel Da Cost Ponta-Garcia to stay removal. Certificate of Service dated 11/22/2010. (MED) |
| 11/26/2010 | 0 pg, 0 KB | ECF FILER: ENTRY OF APPEARANCE from Andrew Oliveira on behalf of Respondent(s) Atty Gen USA. (AJO) |
| 11/29/2010 | 0 pg, 0 KB | ECF FILER: Motion filed by Respondent Atty Gen USA to to dismiss case for lack of jurisdiction and a Response to Motion to stay removal. Certificate of Service dated 11/29/2010.(SEND TO MERITS PANEL) (AJO) |
| 11/30/2010 | 1 pg, 14.04 KB | ORDER (RENDELL, JORDAN and NYGAARD, Circuit Judges) granting Motion to Stay Removal and referring to the merits panel the Motion to Dismiss Case for Lack of Jurisdiction filed by Respondent Atty Gen USA. SEND TO MERITS PANEL., filed. Panel No.: ELD-009-E. RENDELL, Authoring Judge. (DW) |
| 12/28/2010 | | ADMINISTRATIVE RECORD, received. (HAG) |
| 01/04/2011 | 0 pg, 0 KB | ADMINISTRATIVE RECORD., filed. (DW) |
| 01/04/2011 | 2 pg, 19.55 KB | BRIEFING NOTICE ISSUED. Brief on behalf of Petitioner Renato Manuel Da Cost Ponta-Garcia due on or before 02/14/2011. Appendix due on or before 02/14/2011. (DW) |
| 02/07/2011 | | Petitioner Renato Manuel Da Cost Ponta-Garcia verbally granted an extension of time to file brief & appendix until 02/28/2011, pursuant to Third Cir. LAR 31.4. (DMM) |
| 02/28/2011 | 0 pg, 0 KB | ECF FILER: Motion filed by Petitioner Renato Manuel Da Cost Ponta-Garcia for Extension of Time to file Brief & Appendix until/for 7 days March 7, 2011. Certificate of Service dated 02/28/2011. (MED) |
| 03/02/2011 | 1 pg, 8.61 KB | ORDER (Clerk) granting Motion for Extension of Time to File Brief and Appendix Until March 07, 2011 filed by Petitioner Renato Manuel Da Cost Ponta-Garcia, filed. (DW) |
| 03/07/2011 | 0 pg, 0 KB | ECF FILER: ELECTRONIC APPENDIX on behalf of Petitioner Renato Manuel Da Cost Ponta-Garcia, filed. Certificate of service dated 03/07/2011 by US mail, ECF. (MED) |
| 03/07/2011 | | ECF FILER: ELECTRONIC BRIEF on behalf of Petitioner Renato Manuel Da Cost Ponta-Garcia, filed. Certificate of Service dated 03/07/2011 by ECF, US mail. (PDF document containing Petitioner's brief has been removed from the Court's docket per Clerk Order dated 03/25/11.)--[Edited 03/25/2011 by LAL] (MED) |
| 03/07/2011 | 0 pg, 0 KB | ECF FILER: Motion filed by Petitioner Renato Manuel Da Cost Ponta-Garcia for Extension of Time to file Joint Appendix until/for 2 days March 9, 2011. Certificate of Service dated 03/07/2011. (MED) |
| 03/09/2011 | | HARD COPY RECEIVED from Petitioner Renato Manuel Da Cost Ponta-Garcia - Appendix. Copies: 4. Volumes: 3 (MS) |
| 03/10/2011 | 0 pg, 0 KB | ECF FILER: Motion filed by Petitioner Renato Manuel Da Cost Ponta-Garcia for Extension of Time to file Hard copy of Brief until/for March 11, 2011. Certificate of Service dated 03/10/2011. (MED) |
| 03/11/2011 | | HARD COPY RECEIVED from Petitioner Renato Manuel Da Cost Ponta-Garcia - Brief. Copies: 10. (RM) |
| 03/11/2011 | 0 pg, 0 KB | ECF FILER: ENTRY OF APPEARANCE from Ann M. Welhaf on behalf of Respondent(s) U.S. Attorney General. (AMW) |
| 03/16/2011 | 0 pg, 0 KB | ECF FILER: CORRECTED ELECTRONIC BRIEF on behalf of Petitioner Renato Manuel Da Cost Ponta-Garcia, filed. Certificate of Service dated 03/16/2011 by ECF. (MED) |

| | | |
|---|---|---|
| 03/16/2011 | 1 pg, 18.31 KB | NON COMPLIANCE Order issued to Petitioner Renato Manuel Da Cost Ponta-Garcia regarding the corrected electronic brief filed on 03/16/2011. Please open the attachment for the full text of the Order. Compliance due by 03/21/2011. (LAL) |
| 03/16/2011 | 1 pg, 30.98 KB | ORDER (Clerk) granting Motion by Petitioner Renato Manuel Da Cost Ponta-Garcia.for leave to extend time to file Joint Appendix. Petitioners Hard copy of the joint appendix is deemed received as of March 9, 2011, filed. (LAL) |
| 03/16/2011 | 1 pg, 33.05 KB | ORDER (Clerk) granting Motion by Petitioner Renato Manuel Da Cost Ponta-Garcia for leave to accept late filing of hard copy brief. Petitioner's hard copy of the brief is deemed received as of March 11, 2011, filed. (LAL) |
| 03/21/2011 | 0 pg, 0 KB | ECF FILER: MOTION filed by Petitioner Renato Manuel Da Cost Ponta-Garcia to file Corrected Electronic Version of Brief out of time. Certificate of Service dated 03/21/2011. (Docket text edited by the Office of the Clerk.)--[Edited 03/22/2011 by LAL] (MED) |
| 03/21/2011 | | COMPLIANCE RECEIVED. Motion by Appellant for leave to file Corrected Electronic brief and to file that brief out of time. (LAL) |
| 03/25/2011 | 1 pg, 38.71 KB | ORDER (Clerk) granting Motion by Petitioner Renato Manuel Da Cost Ponta-Garcia for leave to file Corrected Electronic Biref is granted with filing as of March 16, 2011. The hard copy is deemed received as of March 11, 2011. All previousiy filed briefs by Petitioner will be removed from this Court's docket. Petitioner is directed to retreve the hard copies of any previously filed briefs within fourteen (14) days from the date of this order or such shall be discarded. Respondent's brief must be filed and served within thirty (30) days of the date of this order, filed. (LAL) |
| 04/11/2011 | | Respondent Atty Gen USA verbally granted an extension of time to file brief until 05/09/2011 pursuant to Third Cir. LAR 31.4. (DMM) |
| 05/06/2011 | 0 pg, 0 KB | ECF FILER: Motion filed by Respondent Atty Gen USA for Extension of Time to file Respondent's Answering Brief until/for 14 days until May 23, 2011. Certificate of Service dated 05/06/2011. (AMW) |
| 05/11/2011 | 1 pg, 8.58 KB | ORDER (Clerk) granting Motion for Extension of Time to file Brief Until May 23, 2011 filed by Respondent Atty Gen USA., filed. (DW) |
| 05/20/2011 | 0 pg, 0 KB | ECF FILER: ELECTRONIC BRIEF on behalf of Respondent Atty Gen USA, filed. Certificate of Service dated 05/20/2011 by ECF. (AMW) |
| 05/23/2011 | 4 pg, 48.14 KB | NON COMPLIANCE Order issued to Respondent Atty Gen USA regarding the brief filed on 05/20/2011. Please open the attachment for the full text of the Order. Compliance due by 05/26/2011. (LAL) |
| 05/23/2011 | | HARD COPY RECEIVED from Respondent Atty Gen USA - Brief. Copies: 10. (KEL) |
| 05/24/2011 | 0 pg, 0 KB | ECF FILER: ELECTRONIC ADDENDUM to BRIEF on behalf of Respondent Atty Gen USA , filed. Certificate of Service dated 05/24/2011 by ECF. (AMW) |
| 05/24/2011 | | COMPLIANCE RECEIVED. Addendum containing required virus and Identical certifications to brief on behalf of Respondent Atty Gen USA. (LAL) |
| 07/07/2011 | 1 pg, 40.79 KB | Calendared for Thursday, 07/21/2011. (PM) |
| 07/21/2011 | | SUBMITTED on Thursday, 07/21/2011. Panel: SCIRICA, FISHER and ALDISERT , Circuit Judges. (PM) |
| 07/22/2011 | 11 pg, 30.77 KB | NOT PRECEDENTIAL PER CURIAM OPINION Coram: SCIRICA, FISHER and ALDISERT, Circuit Judges. Total Pages: 11. IMG-168. We will deny the petition for review. (DW) |
| 07/22/2011 | 3 pg, 41.12 KB | JUDGMENT, Denied. Costs will not be taxed. (DW) |
| 09/12/2011 | 14 pg, 555.97 KB | MANDATE ISSUED., filed. (DW) |

Clear All

⦿ **Documents and Docket Summary**
◯ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0       **Selected Size:** 0 KB
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| Third Circuit - 10/05/2011 16:05:09 | | | |
| **PACER Login:** | us5329 | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 10-4383 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**General Docket**
**Third Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 11-1807 | **Docketed:** 03/31/2011 |

**Nature of Suit:** 2463 Habeas Corpus - Alien Detainees
Renato Ponta-Garcia v. Craig Lowe, et al
**Appeal From:** United States District Court for the Middle District of Pennsylvania
**Fee Status:** IFP

**Case Type Information:**
    **1)** civil
    **2)** United States as party
    **3)** USC 2241-prisoner

**Originating Court Information:**
    **District:** 0314-3 : 3-10-cv-01930
    **Trial Judge:** Richard P. Conaboy, U.S. District Judge
    **Date Filed:** 09/15/2010

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** |
|---|---|---|
| 02/28/2011 | 02/28/2011 | 03/28/2011 |

**Prior Cases:**
    None

**Current Cases:**
    None

---

| | |
|---|---|
| RENATO MANUEL DACOSTA PONTA-GARCIA (#105264)<br>          Petitioner - Appellant | Renato Manuel DaCosta Ponta-Garcia<br>[NTC Pro Se]<br>York County Prison<br>3400 Concord Road<br>York, PA 17402-0000 |
| v. | |
| CRAIG LOWE, Warden Pike County Correctional Facility<br>          Respondent - Appellee | Bradley B. Banias, Esq.<br>Direct: 202-532-4809<br>Email: bradley.b.banias@usdoj.gov<br>Fax: 202-305-7000<br>[COR NTC Federal government]<br>United States Department of Justice<br>Office of Immigration Litigation<br>Room 6417<br>P.O. Box 868<br>Ben Franklin Station<br>Washington, DC 20001<br><br>Mark E. Morrison, Esq.<br>Direct: 717-221-4482<br>Email: mark.e.morrison@usdoj.gov<br>Fax: 717-221-2246<br>[Federal government]<br>Office of United States Attorney<br>228 Walnut Street, P.O. Box 11754<br>220 Federal Building and Courthouse<br>Harrisburg, PA 17108-0000 |
| THOMAS DECKER, Field office Director Immigration & Customs Enforcement<br>          Respondent - Appellee | Bradley B. Banias, Esq.<br>Direct: 202-532-4809<br>[COR NTC Federal government]<br>(see above)<br><br>Mark E. Morrison, Esq. |

Direct: 717-221-4482
[Federal government]
(see above)

US ATTY GEN
       Respondent - Appellee

Bradley B. Banias, Esq.
Direct: 202-532-4809
[COR NTC Federal government]
(see above)

Mark E. Morrison, Esq.
Direct: 717-221-4482
[Federal government]
(see above)

SECRETARY US DEPARTMENT OF HOMELAND SECURITY
       Respondent - Appellee

Bradley B. Banias, Esq.
Direct: 202-532-4809
[COR NTC Federal government]
(see above)

Mark E. Morrison, Esq.
Direct: 717-221-4482
[Federal government]
(see above)

RENATO PONTA-GARCIA,
                              Appellant

v.

CRAIG A. LOWE, Warden Pike County Correctional Facility;
THOMAS DECKER, Field Office Director Immigration & Customs Enforcement;
ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY

| | | |
|---|---|---|
| 03/31/2011 | 35 pg, 1.1 MB | CIVIL CASE DOCKETED. Notice filed by Appellant Renato Manuel DaCosta Ponta-Garcia in District Court No. 3-10-cv-01930. (DW) |
| 03/31/2011 | | RECORD available on District Court CM/ECF. (DW) |
| 04/08/2011 | 1 pg, 57.14 KB | ECF FILER: ENTRY OF APPEARANCE from Bradley B. Banias on behalf of Appellee(s) Craig Lowe, Warden, Pike County Correctional Facility; Thomas Decker, Field Office Director, U.S. Immigration and Customs Enforcement; U.S. Attorney General; and Secretary of the Department of Homeland Security. (BBB) |
| 04/08/2011 | 1 pg, 37.01 KB | ECF FILER: CERTIFICATE OF SERVICE for Entry of Appearance for Attorney Bradley B. Banias. Service made on 04/08/2011 by ECF, US mail.--[Edited 04/08/2011 by DW] (BBB) |
| 04/15/2011 | 0 pg, 0 KB | MOTION filed by Appellant Renato Manuel DaCosta Ponta-Garcia to Proceed In Forma Pauperis. Response due on 04/25/2011. Certificate of Service dated 04/11/2011. (DW) |
| 04/28/2011 | 1 pg, 178.26 KB | CLERK ORDER granting Motion to proceed in forma pauperis filed by Appellant Renato Manuel DaCosta Ponta-Garcia The appeal will be submitted to a panel for determination under 28 U.S.C. Section 1915(e)(2) or for summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Appellant may submit argument, not to exceed 5 pages, in support of the appeal. The document, with certificate of service, must be filed with the clerk within 21 days of the date of this order., filed. Panel ID FCO-275. (DW) |
| 05/31/2011 | 3 pg, 149.84 KB | LETTER from Appellant Renato Manuel DaCosta Ponta-Garcia advising the court of his current address. (DW) |
| 06/20/2011 | 1 pg, 9.91 KB | CLERK ORDER advising that upon further review, it appears that it would not be appropriate to submit this appeal to a panel of the Court to consider whether the appeal should be dismissed under 28 U.S.C. Section 1915(e)(2)(B) or whether summary action is warranted under IOP 10.6. A briefing schedule will be issued. (JW) |
| 06/20/2011 | 2 pg, 19.42 KB | BRIEFING NOTICE ISSUED. Brief on behalf of Appellant Renato Manuel DaCosta Ponta-Garcia due on or before 08/02/2011. Appendix due on or before 08/02/2011. (DW) |
| 07/27/2011 | 3 pg, 494.2 KB | MOTION filed by Appellant Renato Manuel DaCosta Ponta-Garcia for a 60 Day Extension of Time to File Brief and Appendix Until September 22, 2011. Response due on 08/08/2011. Certificate of Service dated 07/24/2011. (DW) |
| 07/28/2011 | 1 pg, 7.92 KB | ORDER (Clerk) granting Motion for Extension of Time to File Brief and Appendix filed by Appellant Renato Manuel DaCosta Ponta-Garcia. Appellant's brief and appendix must be filed and served on October 03, 2011. No further extensions will be granted.., filed. (DW) |
| 08/08/2011 | 12 pg, 1.35 MB | PRO SE BRIEF on behalf of Appellant Renato Manuel DaCosta Ponta-Garcia, filed. Pages: 8, Certificate of Service dated 08/02/2011 by US mail. (CND) |
| 08/08/2011 | 2 pg, 59.91 KB | MOTION filed by Appellant Renato Manuel DaCosta Ponta-Garcia for Leave to File Brief without the required Attachments. Response due on 08/15/2011. Certificate of Service dated 08/02/2011. (DW) |
| 08/17/2011 | 3 pg, 625.38 KB | Petition filed by Appellant Renato Manuel DaCosta Ponta-Garcia for En Banc Hearing . Response due on 08/25/2011. Certificate of Service dated 08/11/2011. (DW) |
| 08/26/2011 | 3 pg, 37.72 KB | ECF FILER: Motion filed by Appellees Thomas Decker, Craig Lowe, Secretary US Department of Homeland Security and US Atty Gen for Extension of Time to file Appellees' Brief until/for 60 days. Certificate of Service dated 08/26/2011. (BBB) |
| 08/26/2011 | 1 pg, 7.99 KB | ORDER (Clerk) granting Motion for Leave to File Brief without the required Attachments filed by Appellant Renato Manuel DaCosta Ponta-Garcia. The foregoing motion is construed as a motion for leave to proceed on the original record. So construed, the motion is granted., filed. (DW) |
| 08/29/2011 | 1 pg, 8.08 KB | ORDER (Clerk) granting Motion for Extension of Time to File Brief filed by Appellees Craig Lowe, Thomas Decker, Secretary US Department of Homeland Security and US Atty Gen. Appellee's brief must be filed and served on or before November 07, 2011. No further extensions will be granted.., filed. (DW) |
| 08/31/2011 | 11 pg, 748.96 KB | EMERGENCY MOTION by Appellant Renato Manuel DaCosta Ponta-Garcia to Stay Removal. Response due on 09/09/2011. Certificate of Service dated 08/25/2011. (MLR) |
| 09/09/2011 | 9 pg, 59.74 KB | ECF FILER: Response filed by Appellees Thomas Decker, Craig Lowe, Secretary US Department of Homeland Security and US Atty Gen to Motion to stay removal. Certificate of Service dated 09/09/2011. (BBB) |

| 09/15/2011 |  <br> 1 pg, 8.61 KB | ORDER (MCKEE, Chief Judge, SLOVITER, SCIRICA, RENDELL, AMBRO, FUENTES, SMITH, FISHER, CHAGARES, JORDAN, HARDIMAN, GREENAWAY, JR. and VANASKIE, Circuit Judges) denying Motion for En Banc Hearing filed by Appellant Renato Manuel DaCosta Ponta-Garcia, filed. Panel No.: ECO-068. McKee, Authoring Judge. (DW) |

Clear All

◉ **Documents and Docket Summary**
◯ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0      **Selected Size:** 0 KB
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| Third Circuit - 10/05/2011 15:54:08 | | | |
| **PACER Login:** | us5329 | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 11-1807 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |